**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THERESA THURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:16 CV 10889 |
| v. | ) | |
| | ) | |
| STAVARU ACADEMY, a sole | ) | |
| proprietorship, | ) | |
| | ) | |
| STAVARU SOCCER ACADEMY LLC, | ) | |
| | ) | |
| CIPRIAN STAVARU, an individual, & | ) | |
| | ) | |
| SILVIYA STAVARU, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff Theresa Thurman ("Plaintiff" or "Thurman"), by and through her attorneys, and for her Complaint against Defendants Stavaru Academy, a sole proprietorship, Stavaru Academy LLC, Ciprian Stavaru, an individual, and Silviya Stavaru, an individual (Collectively, "Defendants"), states as follows:

### NATURE OF CLAIMS

1.      Plaintiff brings this individual action to challenge Defendants' violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). This case is filed to recover unpaid wages for minimum wage and overtime work performed for which Plaintiff was not compensated.

2.      Due to Defendants' wage violations, Plaintiff was deprived of overtime wages in violation of the FLSA and the Illinois Minimum Wage Law ("IMWL"), minimum wages in violation the FLSA and the IMWL, wages pursuant to an employment agreement or contract not

1

paid to Plaintiff in violation of the Illinois Wage Payment Collection Act ("IWPCA"), and Defendants were unjustly enriched under Illinois common law by not compensating Plaintiff for her work performed.

## THE PARTIES

3.       Plaintiff Theresa Thurman resides and is domiciled in this judicial district. Plaintiff's consent to become a party plaintiff is attached as Exhibit A to this Complaint.

4.       Defendant Stavaru Soccer Academy, a sole proprietorship, was an entity created by Ciprian Stavaru in approximately 2011.

5.       Defendant Stavaru Soccer Academy LLC, is an Illinois Limited Liability Company located at 23515 W Fern Street, Plainfield, IL 60586.  The Articles of Organization were filed with the Illinois Department of State on August 3, 2015.

6.       Defendant Ciprian Stavaru is the creator and owner of Stavaru Soccer Academy.[1] He resides at 23515 W Fern Street, Plainfield, IL 60586.

7.       At all times relevant hereto, Defendant Ciprian Stavaru was involved in the day-to-day business operations of Stavaru Soccer Academy, had authority to hire and fire employees, directed and supervised the work of employees (including Plaintiff), had authority to sign business checks, made business decisions regarding Plaintiff's compensation, and had a responsibility to act in the interest of the soccer academy in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Plaintiff.

8.       Defendant Silviya Stavaru is the wife of Ciprian Stavaru.  She resides at 23515 W Fern Street, Plainfield, IL 60586.

---

[1] For purposes of this Complaint, "Stavaru Soccer Academy" will refer to both the initial sole proprietorship ran by Defendant Ciprian Stavaru, as well as the LLC entity of the same name formed on August 3, 2015.

2

9. Beginning in 2013, Defendant Silviya Stavaru began acting as a Stavaru Soccer Academy co-owner. She became active in the day-to-day business operations of the soccer academy, directed and supervised the work of employees (including Plaintiff), had authority to sign business checks, signed Plaintiff's paychecks, made business decisions regarding Plaintiff's compensation, and had a responsibility to act in the interest of the soccer academy in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Plaintiff.

10. At all material times hereto, Defendants were "employers" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d), the IMWL, and the IWPCA, 820 ILCS § 115/2.

11. At all material times hereto, Plaintiff was employed by Defendants as "employees" within the meaning of § 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and within the meaning of the IMWL and the IWPCA, 820 ILCS § 115/1 *et seq.*

## JURISDICTION AND VENUE

12. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's IMWL, IWPCA, and unjust enrichment claims pursuant to 28 U.S.C. § 1367.

13. At all times relevant to this action, Defendants were engaged in commerce and/or the production of goods for commerce and/or Defendants were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendants are located in this Judicial District and a significant part of the conduct that gives rise to this claim occurred within the Northern District of Illinois.

## FACTUAL BACKGROUND

15.    In mid-2011, Defendant Ciprian Stavaru, a talented soccer coach, organized his own soccer club called Stavaru Soccer Academy.  He sought out Plaintiff to recruit kids to join his new soccer club.  Defendant Ciprian Stavaru offered Plaintiff $50 per player recruited to his soccer club.

16.    Plaintiff accepted Defendant Ciprian Stavaru's offer of $50 per player recruited.

17.    Defendant Ciprian Stavaru also offered her compensation of an equal share of the Stavaru Soccer Academy's profits.

18.    Plaintiff accepted Defendant Ciprian Stavaru's compensation offers.

19.    Largely due to Plaintiff's recruiting efforts, Stavaru Soccer Academy quickly gained players and teams in a short amount of time. While the academy began with one team in 2011, it soon grew to 22 teams comprising of 289 players.

20.    In 2012, Plaintiff began assisting Defendant Ciprian Stavaru in completing administrative tasks for the soccer academy.

21.    From at least July 1, 2013 to July 1, 2015, Plaintiff was the Stavaru Soccer Academy's club manager.  Her club manager duties included:

a.    Bring in revenue to the club;

b.    Organize tryouts for the entire academy;

c.    Organize coach and team training schedules, camps, and clinics;

d.    Interview new coaches and conduct background checks;

e.    Coordinate conferences and meetings with staff;

f.    Attend all league meeting;

g.    Create, maintain, and register players into club and league computer software systems;

        h.      Maintain liability waivers and medical information for every play at the club;

        i.      Supervise paid coaching staff and respond to all parental complaints;

        j.      Maintain and order player cards for all club teams;

        k.      Select and order uniforms for all teams;

        l.      Establish club procedures;

        m.      Manage and train team managers in the club's procedures;

        n.      Answer the academy's telephone number and provide information to callers, take messages, and transfer calls to appropriate coach;

        o.      Create and operate academy's e-mail system;

        p.      Open, read, reply, and distribute any income physical mail;

        q.      Build and maintain the club's website;

        r.      Notify staff and parents of field and game cancelations;

        s.      Arrange the club's travel reservations for coaches and parents travelling to out-of-state tournaments; and

        t.      Provide support to team managers, coaches, and parents as needed.

22.    From at least 2013 to July 2015, Plaintiff was a non-exempt employee of Defendants.

23.    Since 2013, Plaintiff has recruited hundreds of students to the Stavaru Soccer Academy.

24.    Defendants did not compensate Plaintiff on a regular basis.

25.    In exchange for her years of service as an employee for the soccer academy, Defendants compensated Plaintiff $3,000 in cash in February 2015. This was the only compensation Defendants paid to Plaintiff during her employment with Defendants.

26.    However Plaintiff was promised additional payments, however Plaintiff was not paid those promised payments.

27.    Plaintiff often worked greater than 40 hours per week.

28.    Defendants did not compensate Plaintiff for any overtime hours worked.

**COUNT I**
**Fair Labor Standards Act – Overtime Wages**
**(Individual Action under 29 U.S.C. § 216(b))**

29.    Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

30.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

31.    At all relevant times, Defendants have employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

32.    During the 3 years immediately preceding the filing of this Complaint, Defendants failed to pay overtime wages to Plaintiff for all time worked in excess of forty (40) hours in individual work weeks in violation of the FLSA, 29 U.S.C. § 201.

33.    For example, during the week beginning June 14, 2015, Plaintiff worked approximately 70.5 hours for Defendants. During the week beginning June 21, 2015, Plaintiff worked approximately 78 hours for Defendants. Plaintiff was not paid a rate of one and one-half

times her regular rate of pay for all hours worked over forty in these weeks and all other weeks she worked over 40 hours.

34.     At all relevant times, Defendants engaged in a willful policy, pattern, or practice of requiring or permitting Plaintiff to be employed by Defendants, and failed to pay the necessary compensation to Plaintiff.

35.     Plaintiff makes a claim for all "Compensable Time" including all work suffered or permitted by employer, including all work allowed to occur or Defendants failed to prevent.

36.     Plaintiff's unpaid work performed was known to employer and/or which the employer, through reasonable diligence, could have discovered and prevented, even if not authorized.

37.     At all relevant times, the work performed by Plaintiff as for service to Defendants and were required or permitted by Defendants, for the benefit of Defendants, directly related to such employee's principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

38.     As a result of the Defendants' willful failure to record or compensate Plaintiff, employed by Defendants' for all hours worked, Defendants have violated, and continue to violate, the records hours provision of the FLSA.

39.     As a result of the Defendants' willful failure to record, report, credit, and/or compensate its employees employed at Defendants, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

40.     The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq

Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper

41.     Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

a.     Payment of unpaid overtime wages and liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

b.     An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

c.     Attorneys' fees and costs of this litigation; and

d.     Such other relief as this Court shall deem just and proper.

**COUNT II**
**Fair Labor Standards Act – Minimum Wages**
**Individual Action under 29 U.S.C. § 216(b)**

42.     Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

43.     Plaintiff was a non-exempt employee entitled to the statutorily mandated minimum hourly wage.

44.     Defendants failed to pay the federal minimum wage of $7.25 for the 3 years immediately preceding the filing of this Complaint.

45.     For example, during the week beginning June 14, 2015, Plaintiff worked 79 hours for Defendants. She was entitled to a federal minimum wage of $572.75 for the given week. However, Defendants did not compensate Plaintiff for her work performed for the week.

8

46. Defendants' failure to pay minimum wage to Plaintiff was willful. Defendants knew Plaintiff was not earning an average hourly wage at least equal to the required minimum wage and had no reason to believe their failure to pay minimum wage was not a violation of the FLSA.

47. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

a. Payment of unpaid minimum wages and liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

b. An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

c. Attorneys' fees and costs of this litigation; and

d. Such other relief as this Court shall deem just and proper.

## COUNT III
### Illinois Minimum Wage Law – Overtime Wages

48. Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

49. Defendants failed to compensate Plaintiff at the overtime rate for all hours worked in excess of forty (40) per work week in violation of IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

50. Defendants willfully failed to pay overtime wages due to Plaintiff.

51. Plaintiff seeks all overtime and other wages due, liquidated damages, statutory damages, prejudgment interest and any other damages due.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

a.      Payment of unpaid overtime wages and a penalty in the amount of 2% of the amount of the unpaid overtime for each month the wages remain unpaid;

b.      An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

c.      Attorneys' fees and costs of this litigation; and

d.      Such other relief as this Court shall deem just and proper.

## COUNT IV
### Illinois Minimum Wage Law – Minimum Wages

52.     Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

53.     Defendants were aware of their obligation to pay state minimum wages pursuant to the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

54.     Defendants failed to pay the Illinois minimum wage of $8.25 for the 3 years immediately preceding the filing of this Complaint.

55.     Defendants failed to compensate Plaintiff minimum wage as required by IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

56.     Defendants willfully failed to pay minimum wage due to Plaintiff.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

a.      Payment of unpaid minimum wages and a penalty in the amount of 2% of the amount of the unpaid overtime for each month the wages remain unpaid;

b.      An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

c.      Attorneys' fees and costs of this litigation; and

d.      Such other relief as this Court shall deem just and proper.

10

**COUNT V**
**Illinois Wage Payment and Collection Act (IWPCA)**

57.     Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

58.     Plaintiff worked for and was employed by Defendants from at least July 2013 to July 2015.

59.     Section 2 under the Illinois Statute 820 ILCS § 115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties…"

60.     The Illinois Wage Act 820 ILCS 115/1 et seq. (West 2002), section 5 states "Every Employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

61.     Defendants agreed to compensate Plaintiff $50 for each child recruited to the Academy.

62.     Defendants agreed to equally split the Academy's profits with Plaintiff in exchange for Plaintiff's employment with Stavaru Academy.

63.     Defendants violated their employment agreement with Plaintiff by failing to pay her for all the time she worked as required by the IWPCA.

WHEREFORE, Plaintiff prays for a judgement against Defendants as follows:

a.     Payment of unpaid final compensation and wages pursuant to the IWPCA;

b.     An injunction requiring Defendants to pay all statutorily required wages pursuant to Illinois law;

c.     Attorneys' fees and costs of this litigation; and

d.     Such other relief as this Court shall deem just and proper.

11

## COUNT VI
## Unjust Enrichment

64.     Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

65.     Plaintiff provided substantial administrative and business services to Defendants since at least July 2013, as detailed above.  Largely due to Plaintiff's business and recruiting efforts, the Academy grew from a one-team club to a club with over 20 teams and hundreds of players.

66.     Defendants unjustly retained the benefits of Plaintiff's services to her detriment.

67.     Defendants' retention of the benefits violates the fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    a.  Compensatory damages;

    b.  All damages allowed under the unjust enrichment claim; and

    c.  Such other relief as this Court shall deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually requests the following:

1.      That the Court find the Defendants' violations of the FLSA and IMWL were willful;

2.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, IMWL, IWPCA, and Illinois common law.

3.      Restitution for all minimum wages, overtime payments, and compensation that are due to Plaintiff;

12

4.      Restitution for all other benefits due to Plaintiff to which she was entitled as an employee;

5.      Attorney's fees and costs; and

6.      Any other relief to which the Plaintiff may be entitled.

**DEMAND FOR JURY TRIAL**

Dated: November 28, 2016                                    Respecfully submitted,
                                                           Theresa Thurman

                                          By:      /s/ John C. Ireland_____
                                                   One of his attorneys

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
T: 630-464-9675
F: 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137

Quinton Osborne
Osborne Employment Law LLC
799 Roosevelt Road, Suite 3-201
Glen Ellyn, IL 60137
T: 331-702-1538
F: 331-465-0450
Quinton@OsborneEmploymentLaw.com
Attorney Number 6319417